Larry Joe **FLAGG**

v.

John **FLAGG.**

Supreme Judicial Court of Maine.

Argued March 21, 1983.

Decided April 21, 1983.

---

**5.** The appellant expressly concedes the good faith of appellees.

Ferris, Dearborn & Willey, N. Laurence Willey, Jr. (orally), Brewer, for plaintiff.

Rudman & Winchell, Edith A. Richardson (orally), Albert H. Winchell, Jr., Phillip D. Buckley, Bangor, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

This action was commenced in the Superior Court (Waldo County) on May 7, 1982 by Larry Joe Flagg, against his father, John Flagg, seeking damages for injuries received in an automobile accident which occurred on January 21, 1971, while the plaintiff, then seven years old, was a passenger in an automobile driven by his father. The plaintiff alleged that he received serious and permanent injuries that resulted from his father's negligence in the operation of that automobile.

On October 25, 1982, the presiding justice granted defendant's motion to dismiss on the ground that the action was barred by the doctrine of parental immunity. Plaintiff now appeals from that order. For the reasons stated herein, we deny that appeal.

In *Black v. Solmitz,* 409 A.2d 634 (Me.1979), this Court, overturned the prior rule set forth in *Downs v. Poulin,* 216 A.2d 29 (Me.1966), and abrogated the doctrine of parental immunity. An unemancipated minor child is now permitted to bring an action against his parent for bodily injuries caused by the negligence of the parent in the operation of an automobile in which the child was a passenger. In so holding, this Court expressly limited the retroactivity of its ruling to injuries occurring on or after May 14, 1977, the date of the injury in *Black.* In this appeal, relying upon language in *Black,* 409 A.2d at 640, which left open the question of "[p]recisely how the concepts of parental privilege or immunity should be given application ... in the context of [other] specific situations," plaintiff seeks a "re-examination and extension" of *Black* to allow for a cause of action in this

case, which involved an injury dating back to 1971—six years prior to the injury in *Black.*

The only issue reserved in *Black,* however, was the extent to which the rule of parental immunity would be preserved in contexts other than motor vehicle negligence. The issue of retroactivity, now challenged, was therein expressly addressed. While we recognize that our analysis regarding the temporal scope of that decision was largely *dictum,* it was, nevertheless, carefully considered. In expressing the limitation of retroactivity, this Court stated its concern for potential defendants and their insurers who may have "omitted investigative procedures and maintenance of records" in reliance upon the rule of *Downs. Black,* 409 A.2d at 640. In his appeal, plaintiff has failed to establish an adequate justification for now deviating from that rule. Absent such justification, "institutional integrity" demands that we respect that decision. *See Box v. Walker,* 453 A.2d 1181, 1183 (Me.1983). In this case the Superior Court ruled correctly that the rule in *Black* does not apply to injuries occurring prior to May 14, 1977. Thus, plaintiff's complaint is barred by the doctrine of parental immunity.

The entry is:

Judgment affirmed.

GODFREY, NICHOLS and VIOLETTE, JJ., concurring.

ROBERTS, Justice, with whom CARTER, Justice, joins, concurring

I join in the result in this case because I believe that the need for certainty in the law occasionally will override concerns about the judicial process. I accept the considered judgment of the Court in *Black v. Solmitz,* 409 A.2d 634 (Me.1979) to limit the retroactivity of the rule there announced. I do not agree, however, that it was at all wise to decide in the *Black* opinion the question of its temporal application. *See Box v. Walker,* 453 A.2d 1181, 1183–84

750

(Me.1983) (Nichols and Roberts, JJ., concurring). By today's opinion the Court allows the "carefully considered ... concern for potential defendants" expressed in *Black* to shift the burden to plaintiff Flagg to justify, in his case, the non-application of a rule determined, in *Black,* to be unjust. With all due respect, I believe the burden should be on the defense to establish the adverse consequences of a retrospective application of *Black.*